# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JAMES L. WOODS                                                                          PETITIONER
Reg. #21569-113


v.                                          2:09-cv-00063-JLH-JJV


T. C. OUTLAW,
Warden, FCI-Forrest City                                                                RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and desire to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 of James L. Woods, an inmate in the custody of the Forrest City Low Unit of the Federal Correctional Institution (FCI).

## I. BACKGROUND

Petitioner James Woods was indicted on August 19, 2002, in the United States District Court for the Western District of Tennessee, on one count of violation of Title 18, United States Code, § 922(g), unlawful transportation of firearms. (Doc. No. 10, Ex. 1, p.2). He entered a plea of guilty to the single count indictment on August 19, 2003. (*Id*. at 5). Petitioner was sentenced on November 12, 2003, to 115 months imprisonment in the Bureau of Prisons (BOP), followed by three years of supervised release. (*Id*.). He filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit on December 12, 2003. (*Id*. at 6). However, he then filed a motion to voluntarily dismiss his appeal which was granted by the United States Court of Appeals for the Sixth Circuit on March 10, 2004. (*Id*.). Petitioner did not seek any further appeals or post-conviction

2

relief.

Mr. Woods filed his § 2241 petition on June 8, 2009, alleging three grounds for relief. He first argues that he did not have the mental capacity to make a voluntary plea of guilty because he did not understand the nature of the charges or the consequences of entering a guilty plea. Petitioner also argues that he should be allowed the maximum amount of time at a residential re-entry center (halfway house) to allow for his re-entry into society. Finally, Petitioner argues that the BOP has failed to provide handicap accessible GED and drug treatment programs as required under the American Disabilities Act (ADA) and therefore his constitutional rights have been violated because he has a substantial liberty interest in participation in the GED and drug treatment programs.

Regarding the first claim, Respondent argues it is not properly presented in a § 2241 petition but should be presented to the sentencing court under 28 U.S.C. § 2255. Respondent also claims that Petitioner has failed to exhaust his administrative remedies in seeking placement in a halfway house. Respondent further argues that Mr. Woods does not have a liberty interest in participation in a GED program or a drug treatment program. Moreover, Respondent claims Mr. Woods has also failed to exhaust his administrative remedies in regards to his participation in the above programs.

## II. ANALYSIS

### A. Voluntary Plea

Mr. Woods alleges he lacked the "mental capacity to have voluntarily entered a plea of guilty with the understanding of the nature of [the] charge[s] and consequences of [entering a guilty plea]." (Doc. No. 1 at 5). Respondent correctly argues that Mr. Woods never sought 28 U.S.C. § 2255 relief.

"An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such

3

court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added); *See also Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (petitioner cannot raise an issue in a § 2241 motion filed in the district of incarceration an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing court); *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (stating that "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district").

Mr. Woods has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005). This is a "narrowly circumscribed 'safety valve.'" *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). When a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F3d at 963.[1]

Petitioner failed to raise the claim that his guilty plea was not knowing and voluntary at sentencing, in a direct appeal, or in a § 2255 proceeding. Therefore, he must make a showing of the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. He has failed to

---

[1] *See also, United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

make this showing and therefore this Court lacks jurisdiction to decide this claim. Petitioner's claim must be brought before the United States District Court for the Western District of Tennessee where he was convicted and sentenced, or to the appropriate court of appeals, the United States Court of Appeals for the Sixth Circuit.

### B. HALFWAY HOUSE ELIGIBILITY, GED AND DRUG TREATMENT PLACEMENT

Petitioner argues his history of physical and mental impairments renders him eligible for the "maximum amount of time in halfway house placement under the Second Chance Act." (Doc. No. 1 at 5). He asks this Court to "immediately transfer [him] to a halfway house/community corrections program that can afford the greater likelihood of successful re-integration into the community and establish employment . . ." (*Id*. at 6). Furthermore, in his initial petition, Mr. Woods alleges he has a protected liberty interest in the participation of GED and drug treatment programs while incarcerated in the BOP. (Doc. No. 1 at 4). However, in his reply he claims the BOP is not modifying these programs to be accessible to cognitively disabled individuals in compliance with the ADA and the failure to provide the handicapped with accessible GED and drug treatment programs infringes upon his constitutional rights and his access to early release which is a protected liberty interest. (Doc. No. 13 at 2-3).

The Court finds that Mr. Woods' claims should be dismissed. As Respondent correctly argues, Petitioner has failed to exhaust his administrative remedies regarding transfer to a halfway house. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (holding that before filing an action in district court, an inmate must first exhaust his administrative remedies by presenting his claim for relief to the BOP). "An inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for

Administrative Remedy, [via a BP-9]." 28 C.F.R. § 542.13(a). If the inmate is not satisfied with the informal resolution, he may:

> submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a). An inmate's failure to exhaust his administrative remedies before filing a § 2241 petition will result in dismissal of the § 2241 petition without prejudice. *Chappel*, 208 F.3d at 1069; *Cf. Jackson v. Federal Bureau of Prisons*, 2007 WL 843839, *7 (D.Minn. March 16, 2007) (finding prisoner required to exhaust administrative remedies even when claims are denial of wheelchair in violation of the ADA).

In this case, Petitioner admits he has not even attempted to exhaust his administrative remedies and seeks a "waiver" to the exhaustion requirement. The Court is unwilling to "waive" the exhaustion requirement because without the information likely revealed through the administrative process, Petitioner's claims are wholly unsupported. By first seeking an administrative resolution, prison authorities may address Petitioner's claims without the need for court intervention. Instead, Petitioner makes allegations, with no supporting evidence, of why prison officials took the action about which Petitioner complains. It is the Petitioner's burden to establish he was treated differently from other inmates who were similarly situated to him. Without evidence to support his allegations of why he was denied halfway house placement and access to GED and drug treatment programs, the Court has no basis to make any finding in his favor. Accordingly, Petitioner's claims must be dismissed without prejudice so he may first seek relief

through the prison's administrative process.[2]

## III. CONCLUSION

For the foregoing reasons, it is recommended that Mr. Woods' petition be DISMISSED without prejudice and the relief requested is DENIED.

IT IS SO ORDERED this 14th day of January, 2010.

                                  JOE J. VOLPE
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] In his reply motion (Doc. No. 13), Petitioner asserts the reason he failed to exhaust his administrative remedies is because the "administrative remedy system is not being reasonably modified by the BOP/Forrest City as is required by the American Disabilities Act so as to be accessible to those with Reading, Mental, or Cognitive Disabilities." (Doc. No. 13 at 3). He further argues that "[n]o where in the BOP/Forrest City (Low) system can such a handicapped person seek or acquire assistance with any administrative remedy or legal issue." (*Id.* at 4). However, the Court concludes that based on the filings in the instant case, Petitioner has adequate resources to first seek administrative resolution.

7